[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a limited contested action for dissolution of marriage which was tried to the court in the judicial district of New Haven. The court finds that it has jurisdiction based upon the residence of the parties in the State of Connecticut. The other allegations of the complaint are found to be proven. As alleged in the complaint, there are no minor children issue of this marriage. The plaintiff has a ten year old child from a prior marriage who lives with her. The marriage of the parties has broken down irretrievably, and there is no reasonable prospect for reconciliation.
The testimony of the parties shows that they were married on June 24, 1995. Immediately after the marriage, the parties lived in Bridgeport, Connecticut in a multi-family home with the plaintiffs family. There were disputes during the marriage, mostly having to do with financial issues, the temperament of the plaintiff, and the defendant's leaving of the house whenever there was a dispute. On or about September of 1998, the parties purchased real estate at 11 Ramsdell Street in New Haven, Connecticut. The purchase price of the property was $85,000. The parties testified that of the down payment land funds required CT Page 16657 for closing, $5,000 was a loan from the plaintiff's mother, and Mr. Smith testified that there was another $5,000 loaned to them by the plaintiffs brother. The testimony and exhibits in evidence show that the $5,000 was repaid to the plaintiffs mother by Mr. Smith from the proceeds of the personal injury claim that was settled. Mr. Smith has further testified that the $5,000 loaned to them by the plaintiffs brother is still due and owing. The parties also purchased a time share in Orlando, Florida during a family vacation. That time share is not represented by either party as having any equity, and appears to be currently in foreclosure.
In considering the relevant statutory factors, the court notes that both parties are young in age, and are in good physical health. Both parties are very hard workers, and they each work at a full time job in addition to a part time job. The plaintiff Mrs. Smith, earns slightly higher income than the defendant. As previously indicated, Mrs. Smith has a child, and the testimony also shows that Mr. Smith has a daughter from a previous relationship. The plaintiff Mrs. Smith has more substantial debts, most of those being associated with the repair of the roof at the jointly owned home pursuant to her testimony. There was a contract presented which indicated that the cost of the roof repairs were approximately $8,500 which corresponds with the amount of debts she has listed to Beneficial Finance, and a loan against her 401K plan. Neither party has substantial savings at this time for retirement. Both parties have an equal ability to accumulate funds in the future.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved. The one significant issue in contention by the parties is the jointly owned real estate which according to the affidavit of both parties has no equity, and with the addition of the loans for the roof has a negative equity of approximately $8,500.
The defendant is ordered to convey his interest in the property at 11 Ramsdell Street in New Haven, Connecticut to the plaintiff. The plaintiff is ordered to indemnify the defendant from any and all obligations with regard to that property including, but not limited to the mortgage, loans secured by her 401K, loan to Beneficial Finance, and the loan to the plaintiffs brother. The defendant is to have sole ownership of the proceeds of his negligence action. The defendant and plaintiff are to be jointly responsible for the debt owing as to the time share in CT Page 16658 Orlando, Florida, including any deficiency that may result from the pending foreclosure. The plaintiff is awarded ownership of the 1994 Isuzu Rodeo, land is also given responsibility of payment of the car loan corresponding to that vehicle. She shall hold the defendant harmless and indemnify him from any obligation on that note. The defendant is awarded sole ownership of the 1996 Toyota Celica automobile, and he similarly shall be responsible for the loans secured by that vehicle and shall hold the plaintiff harmless from any obligation of said loan. No alimony is awarded to either party in this action. Each party shall be responsible for their respective liabilities shown on their financial affidavit, unless otherwise stated. Each party shall retain sole ownership of the property shown on their respected affidavit unless otherwise stated.
Antonio C. Robaina, Judge